IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| HARRIET M. SINGLETON, | * |
| | * |
|    Plaintiff | * |
| | * |
| v. | * Case Number: 4:19-cv-00106-RSB-CLR |
| | * |
| GARDEN CITY, GEORGIA, | * |
| GILBERT C. BALLARD, in his Official | * |
| Capacity as Chief of Police for the Garden | * |
| City Police Department, and | * |
| C. SCOTT ROBIDER, | * |
| | * |
|    Defendants | * |

**DEFENDANTS' MOTION TO COMPEL**

### Introduction

Defendants served written discovery requests on September 30, 2019. After numerous good-faith efforts to obtain responses to those requests, Defendants were provided with unverified responses that Plaintiff's counsel characterizes as "preliminary" on the evening of November 19, 2019. In addition to being unverified, the responses are demonstrably incomplete; they fail to respond to, object to, or otherwise acknowledge many explicit parts of Defendants' interrogatories. Likewise, Plaintiff's document production does not appear to contain documents that are referenced in her written responses to Defendants' requests for production, and omits responsive documents that are unquestionably in Plaintiff's possession. Despite their diligence in pursuing discovery, Defendants are without much of the information they need and have properly sought.

Discovery closes in five days, and Defendants have just learned that Plaintiff's counsel intends to withdraw from the case. Defendants are left with no choice but to seek the Court's guidance and intervention, as it appears they will not receive adequate discovery responses before the close of the discovery period – let alone receive them in enough time to perform a thorough review, prepare for Plaintiff's deposition, and actually take the deposition before discovery expires. Pursuant to Fed. R. Civ. P. 37(a)(1), Defendants respectfully move the Court for an order compelling Plaintiff to complete and verify her interrogatory responses, and complete her document production, to address the deficiencies identified below.

## Discussion

On September 30, 2019, Defendants served Plaintiff by mail with their First Interrogatories and First Requests for Production of Documents. A copy of those discovery requests, along with the cover letter that accompanied them, is attached as Exhibit A.

On November 6, 2019, having received no responses to the discovery requests, counsel for Defendants emailed counsel for Plaintiff in a good-faith effort to obtain the discovery responses. Counsel for Plaintiff responded that she "must have missed something" and did not have the discovery requests, which counsel for Defendants promptly provided. Counsel for Defendants also requested, on November 7, 2019, that counsel for Plaintiff inform them when the discovery responses would be available. Five days passed, and counsel for Defendants sent a followup email on November 12, to

which counsel for Plaintiff responded that she needed to confer with her client. On November 15, counsel for Plaintiff informed counsel for Defendants that discovery responses would be provided by November 18, 2019. The email chain described in this paragraph is attached as Exhibit B.

On November 18, 2019, counsel for Plaintiff contacted counsel for Defendants by phone to inform them that the discovery responses were forthcoming. On November 19, 2019, still having not received any responses, counsel for Defendants emailed counsel for Plaintiff that a motion to compel would be filed on November 20, 2019. After the close of business on November 19, 2019, Defendants received what Plaintiff's counsel described as "preliminary discovery responses" – consisting of 145 pages of documents and unverified, incomplete interrogatory responses – along with notice that Plaintiff's counsel intends to withdraw from the case. The email chain leading to the responses is attached as Exhibit C, and the responses themselves (less the document production) are attached as Exhibit D.

Plaintiff's interrogatory responses are deficient in that they fail to quantify the damages Plaintiff is claiming, identifying only general categories of damages (interrogatories 2-3); fail to identify the nature or substance of facts known by the potential witnesses Plaintiff has identified, providing only names (interrogatory 4); fail to provide any information beyond the name of the employer for Plaintiff's employment history, despite several additional categories of information having been requested (interrogatory 9); and provide no information about Plaintiff's employment

or lack thereof since she left Garden City, instead seemingly suggesting that she is still employed by the City (interrogatory 9). All of the omitted information was explicitly requested by Defendants. As Plaintiff's counsel has acknowledged, the responses also are not verified.

In addition, Plaintiff's document production does not contain any information relevant to the calculation of damages (request for production 7), any documents other than the actual charge related to Plaintiff's interactions with the EEOC (request for production 9), or any documents concerning Plaintiff's employment since leaving Garden City (request for production 10). Though Plaintiff interposes some objections to these requests[1], her responses also indicate that responsive documents have been provided, but those documents are not included in the production. And there is no question that Plaintiff is in possession of at least some responsive documents that have not been produced; if she is employed, her pay and benefit records from her current job are responsive to Defendants' requests for production, and if she is unemployed, her records reflecting that status are responsive. Defendants cannot evaluate Plaintiff's claims for lost wages and lost benefits without evidence of her current finances, but Plaintiff has failed to produce any financial documents or provide any financial information whatsoever.

---

[1] Plaintiff's objections are likely ineffective, as "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Pitts v. Francis*, 5:07CV169/RS/EMT, 2008 WL 2229524, *2 (N.D. Fla. May 28, 2008) (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).

Under normal circumstances, Defendants would initiate a second round of good-faith negotiations to address these deficiencies in Plaintiff's discovery responses. However, in addition to the fact that Plaintiff's current counsel plans to withdraw from the case, discovery closes on November 25, 2019. Dkt. 11. Defendants initiated written discovery nearly two months before that deadline (and within the separate deadline for written discovery established by the scheduling order), but have only just received an incomplete set of responses three business days prior to the close of discovery.

"At its discretion the court may waive strict compliance with the conference requirements" of Fed. R. Civ. P. 37(a)(1). *Jones v. Am. Gen. Life & Accident Ins. Co.*, No. CV 101-003, 2002 WL 32073037, at *2 (S.D. Ga. Dec. 4, 2002) (citation and punctuation omitted). "It will generally do so when the time for filing another motion to compel has passed . . ." *Id.* Here, as documented in the attachments to this motion, Defendants have timely and diligently pursued discovery and made persistent good-faith efforts to obtain responses. At this point, however, Defendants are left without enough time to initiate further good-faith negotiations, as discovery will conclude before Defendants are able to determine whether the issues will actually be resolved. Additionally, any further discussion would be meaningless, as Plaintiff's counsel is already aware that the discovery responses are incomplete; the email that accompanied the responses notes that they are unverified and describes them as "preliminary responses to discovery pending any later changes that may be made by Plaintiff and/or her new attorney of record." Defendants request that, in light of the characterization of the responses by

Plaintiff's counsel and the impending discovery deadline in this case, the Court exercise its discretion not to require strict compliance with the conference requirement of Fed. R. Civ. P. 37(a)(1) before ruling on this motion.

Defendants have repeatedly delayed scheduling Plaintiff's deposition so that they would have time to review Plaintiff's written discovery responses before deposing her, but with only three days remaining on which Plaintiff could possibly be deposed, Defendants still do not have the information necessary to prepare adequately for Plaintiff's deposition. Defendants will be filing a separate motion for an extension of time in which to take Plaintiff's deposition. However, that deposition can go forward only after Defendants receive and review full and verified responses to their September 30, 2019 discovery requests. Defendants thus respectfully request that the Court enter an order compelling Plaintiff to supplement and verify her discovery responses to address the above-identified issues.[1]

Respectfully submitted, this twentieth day of November, 2019.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

---

[1] Because Plaintiff's current counsel plans to seek to withdraw, Defendants are not requesting that responses be compelled by a specific date, as establishment of a reasonable deadline will likely depend on the outcome of the motion for withdrawal.

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") with the foregoing pleading, which was generated as a result of electronic filing.

This twentieth day of November, 2019.

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
ehancock@brbcsw.com

**ATTORNEY FOR DEFENDANTS**