# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

HARRIET M. SINGLETON,     )
    )
    Plaintiff,     )
    )
v.     )     CV419-106
    )
GARDEN CITY, GEORGIA, *et*     )
*al.*,     )
    )
    Defendants.     )

## <u>ORDER</u>

Before the Court are defendants' motion to compel more complete responses to their interrogatories and requests for the production of documents, doc. 20, and motion for an extension of time to complete discovery, doc. 21. For the following reasons, the motions are **GRANTED**.

## BACKGROUND

On September 30, 2019, defendants served plaintiff with interrogatories and requests for production of documents. Doc. 12-1. On November 6, 2019, defendant attempted to contact plaintiff as they had received no response to their discovery. Doc. 12 at 2. Plaintiff's counsel responded that she "must have missed something" and did not have interrogatories and production requests. *Id*. Defendants provided a copy

of the requests and inquired when they could anticipate a response. *Id*. On November 12, 2019, after another prompting email from defendants, plaintiff's counsel replied that she would confer with plaintiff. *Id*. at 2–3. On November 15, 2019, defendants were told that discovery responses would be provided by November 18. *Id*. at 3. Plaintiff provided her "preliminary discovery responses," which included 145 pages of documents, after the close of business on November 19, 2019, including unverified interrogatory responses and a notice that plaintiff's counsel intended to withdraw from the case. Doc. 20-2.

On November 20, 2019, defendants filed a motion to compel because the responses were, in their opinion, deficient and unaccompanied by requested documents. Doc. 12. They subsequently withdrew the motion and requested a discovery conference with the Court. Doc. 20 at 2. A telephonic conference was held on November 22, 2019. Doc. 13. An amended Scheduling Order was entered, extending discovery deadlines by 45 days to allow plaintiff's counsel to withdraw and plaintiff to proceed either with new counsel or *pro se*. Doc. 15.

Despite the extension, plaintiff failed to provide discovery responses before the deadline of January 9, 2020. Plaintiff's counsel also did not

effectuate a withdrawal in this case. Doc. 23. On January 13, 2019, defendants attempted to contact plaintiff regarding the missed deadline. Doc. 20 at 3. No response was received until January 21, 2019, after further prompting by defendants, when plaintiff's counsel agreed to the need for a scheduling conference with the Court. Doc. 20-1 at 2. A second discovery conference was conducted on January 31, 2020, during which defendants were granted permission to file their motion to compel. Doc. 22. Plaintiff has not provided a response to the motion.

## ANALYSIS

In addition to a lack of verification, defendants identify deficiencies with plaintiff's responses to four interrogatories (two, three, four and nine) and three production requests (seven, nine, and ten). Plaintiff raised objections to interrogatory three and production requests nine and ten. The Court will address plaintiff's objections and then defendants' claims of deficiencies.

### I. Objections

Through her "preliminary discovery responses," plaintiff objected to interrogatory three and production requests nine and ten. Defendants challenge the plaintiff's objections as untimely, and therefore waived.

Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), a party is to provide a written response within 30 days of receiving a discovery request. As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 n. 4, 698 (S.D. Ga. 2012) (""[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." (quoting *Bailey Indus., Inc. v. CLJP, Inc.,* 270 F.R.D. 662, 668 (N.D.Fla.2010)); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (same); *Marx v. Kelly, Hart, & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (same). This is so even though a party had an objection to make. *See Jaffe v. Grant,* 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product). Defendants' discovery request was first provided to plaintiff's on September 30, 2019. Doc. 12-1. Plaintiff provided her "Preliminary Discovery Responses" after business hours on November 19, 2020, 50 days after the original request. Doc. 20-2. As such, the objections are deemed

waived.[1]  The motion to compel as it relates to interrogatory three and production requests nine and ten is **GRANTED**.

## II. Unopposed Interrogatories and Production Requests

### A. Interrogatory 2 and Production Request 7

In interrogatory two, defendants asked plaintiff to "describe in detail all damages" claimed.  Doc. 12-1 at 4.  Production request seven sought documents substantiating all damage claims.  *Id*. at 11.  In response to interrogatory two, plaintiff answered that, as a result of her termination, she "has suffered loss of wages, loss of future employment opportunities, loss of employment benefits, emotional distress and mental anguish."  Doc. 12-4 at 4.  As to the document request, plaintiff made a general reference to the 145 pages of produced documents.  *Id*. at 12.

A motion to compel is appropriate when a responding party fails to answer an interrogatory or fails to produce or allow inspection of requested documents.  Fed. R. Civ. P. 37(a)(3)(B).  Evasive and incomplete responses to interrogatories and document requests are considered by the

---

[1] Had plaintiff bothered to respond to the motion to compel, she conceivably might have argued that the exchanges between the counsel constituted an agreed upon extension of the deadline.  The emails included with plaintiff's motion do not evidence any agreement by the parties to extend the production deadline.  In fact, it appears that plaintiff failed to meet even the deadline of November 18, 2019, that she proposed.  Doc. 12-3 at 3–4.  Regardless, her failure to respond waives any such argument.

Court as failures to respond. Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

Plaintiff's answer to interrogatory two provides only a general description of potential damages with no attempt to quantify lost wages or benefits, identify specific lost employment opportunities, or describe symptoms of claimed "emotional distress and mental anguish." 12-4 at 4. Likewise, none of the provided documents are relevant to the calculation of damages, such as wage and benefit information, or relate to lost employment opportunities or injury. Such responses are simply incomplete and evasive under any reading of the rule. Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Fundamentally, plaintiff is pursuing a lawsuit against defendants, who are entitled to understand the damages claimed in order to mount a proper defense. She has offered no valid reason why this information should be withheld. Therefore, the motion to compel a more complete response to interrogatory two and production request

seven, including specific damages sought and their method of calculation, is **GRANTED**.

B. Interrogatory 4

Interrogatory four asked plaintiff to identify and provide addresses for individuals and witnesses with "knowledge of any facts pertaining to the allegations in the complaint.  Doc. 12-1 at 4–5.  Plaintiff was specifically requested to "indicate the nature and substance of the fact or facts known by each such witness."  *Id*.  In response, plaintiff provided a list of nine names with no contact information or description of their respective knowledge.  Doc. 12-4 at 4–5.

The information sought by defendants through interrogatory four is well within the scope of appropriate discovery.  In fact, the names, addresses, and telephone numbers of individuals likely to possess discoverable information were required to be included in plaintiff's initial disclosure, as well as the subjects of their relevant knowledge or evidence.  Fed. R. Civ. P. 26(a)(1)(A)(i).  When a party fails to make a disclosure required under Rule 26(a), a party is permitted to move the Court to compel disclosure.  Fed. R. Civ. P. 37(a)(3)(A).  As plaintiff has provided only the names of relevant individuals, her response to interrogatory four

is inadequate and must be supplemented to include addresses, telephone numbers and relevant subject matter. Therefore, plaintiff's motion to compel with regard to interrogatory four is **GRANTED**.

C. Interrogatory 9

Interrogatory nine requested plaintiff's employment history for the preceding ten years. Doc. 12-1 at 6. Plaintiff responded that she was employed by the Garden City Police Department for nine years and, prior to that, by the City of Savannah for twenty years. Doc. 12-4 as 12–13. Defendants complain that this answer incorrectly characterizes plaintiff as still employed by the Garden City Police Department and does not address employment after her termination. Doc. 20 at 6. As such the response is not fully responsive to the interrogatory, it must be supplemented to include an explanation of plaintiff's employment after the termination of her position with the Garden City Police Department. If she has not secured new employment, she must indicate such in her response. The motion to compel a more complete response to interrogatory nine is **GRANTED**.

**CONCLUSION**

In summary, defendants' motion to compel is **GRANTED**.  Plaintiff is **ORDERED** to supplement her discovery responses **within sixty days of service of this Order** to address each of the deficiencies identified in defendants' motion to compel.[2]  Plaintiff must respond to the identified interrogatories "separately and fully in writing under oath."  Fed. R. Civ. Pro. 33(b)(3).  If she does not understand a question or the requested information is not within her possession, she may so answer.  Once completed, the response must be signed by plaintiff.  Fed. R. Civ. Pro. 33(b)(5).  Defendants' motion to extend the time for the taking of depositions is also **GRANTED**.  Therefore, the discovery period shall close 45 days after the filing of plaintiff's supplemental discovery responses.[3]

---

[2] The Court is aware that this is a longer period of time than traditionally granted to parties under the applicable rules.  However, the Court has significant concerns with plaintiff's counsel's withdrawal (or failure to withdraw).  In light of the fact that plaintiff's status as a represented party is currently unclear, the Court is granting additional time to resolve any pending issues.

[3] The Court appreciates that plaintiff's counsel's delay in formally requesting to withdraw from representation has created a difficult situation.  However, even if proceeding *pro se*, plaintiff is obligated to adhere to the Court's Local Rules and the Federal Rules of Civil Procedure and must participate in the discovery process in good faith.  *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While their pleadings are to be liberally construed, *pro se* plaintiffs are not excused from complying with procedural rules."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*pro se* filings are to be liberally construed, but *pro se* litigants nonetheless must conform to procedural rules); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (*pro se* litigants are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.").

**SO ORDERED**, this 2nd day of March, 2020.

Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA