# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| HARRIET M. SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV419-106 |
| | ) |
| GARDEN CITY, GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is plaintiff's letter of May 12, 2020, captioned "Objections to Magistrate Judge's Findings and Recommendations."[1] Doc. 39. The letter includes a description of plaintiff's relationship with her prior counsel, an objection to the Court stating that she failed to pay counsel, a request for the appointment of counsel, and a belief that former counsel should return the fees paid.[2] *Id*. A telephonic conference call was

---

[1] This filing was docketed as an Objection to Counsel's Motion to Withdraw (doc. 30). The Clerk of Court is **DIRECTED** to correct the docket to reflect it as an Objection to the Sealed Findings and Recommendation of March 18, 2020 (doc. 31).

[2] Plaintiff claims that "[t]he letter I received from your courts stated that I didn't pay her." Doc. 39 at 1. The Court presumes that this is in reference to the Court's Findings and Recommendation. *See* doc. 31 at 4 ("[Counsel] stated that in November 2019, she had decided to withdraw from the case due to disagreements with her client, including a lack of payment.").

conducted on May 15, 2020, during which none of these issues were raised. The Court, therefore, considers these matters waived by the superseding conference.

To the extent that plaintiff seeks judicial action, her letter is an unacceptable instrument. This is a motions driven Court. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073, 1074 (S.D. Ga. 2000) ("Put another way, if a litigant seeks judicial action of any sort . . ., it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal letter to a judge."); *see also* Fed. R. Civ. Pro. 7(b)(1) ("A request for a court order must be made by motion."). Unlike letters, which often lack clarity and can be easily mischaracterized, motions articulate in a clear and direct manner what is sought from the court and the factual and legal support for such request. Should plaintiff seek relief from the Court, she must file a formal motion or objection.

Though the Court has the authority to construe the filings of *pro se* litigants so as to give them legal utility, doing so is not appropriate here. *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it

within a different legal category." (*quoting Castro v. United States*, 540 U.S. 375, 381 (2003)); *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). The Findings and Recommendation was issued pursuant to Local Rule 83.5(g), which does not provide a right of objection to individual parties. *See* L.R. 83.5(g). The Court will not construe the letter as a formal objection the Findings and Recommendation as it is unclear that plaintiff has standing to make such an objection. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (The "irreducible constitutional minimum of standing" requires "injury in fact," a causal connection, and redressability.).

Similarly, the Court does not construe the letter as a motion for the appointment of counsel, as plaintiff has provided no legal support for such request. *See* L.R. 7.1(b) ("Unless the assigned Judge prescribes otherwise, every motion filed in civil proceedings shall cite to supporting legal

authorities."). In this civil case, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (*citing Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (*citing Bass*, 170 F.3d at 1320). Plaintiff is not proceeding in this case *in forma pauperis* and, therefore, lacks any mechanism for seeking the appointment of counsel. Even if an avenue for making such request were available, plaintiff has not alleged that this case is sufficiently complex or novel as to necessitate counsel. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (Appointment of counsel is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.").

To the extent that plaintiff seeks the recovery of funds previously remitted to her former counsel, this Court is not the proper venue. Her former counsel is not a party to this action and any claims for recovery of

fees paid would be governed by state law.  As such, they must be brought in a separate action before the state courts.

**SO ORDERED**, this 26th day of May, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA